IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELYN CLEMENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 1769 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Evelyn Roma Louise Clement's ("Clement") motion for summary judgment. For the reasons stated below, we grant in part and deny in part the motion and remand the instant action.

## BACKGROUND

Clement states that in 1994 she was diagnosed with having diabetes mellitus. She also indicates that she suffers from hypertension and obesity. She contends that her conditions cause her legs to be numb and to tingle and that she suffers from pain that cannot be controlled. She contends that her conditions severely impair her ability to stand or walk for extended durations. Clement contends that she became

1

disabled on August 10, 2003. Clement applied to the Social Security Administration for disability benefits and the request was initially denied on March 15, 2004. Clement requested a hearing before an Administrative Law Judge ("ALJ"). Clement was given a hearing before an ALJ on June 28, 2005 ("First Hearing"), and the hearing was continued to allow for the gathering of additional evidence. A second hearing was held before the ALJ on August 10, 2006 ("Second Hearing"). On August 24, 2006, the ALJ issued a decision concluding that Clement was not entitled to disability benefits. Clement requested review by the Appeals Council and the request was denied on January 25, 2007. Clement then brought the instant action, seeking a review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). Clement has now filed a motion for summary judgment.

## LEGAL STANDARD

An individual that has been denied benefits by the Social Security Commission may seek review of the denial in a district court "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party. . . ." 42 U.S.C. § 405(g). The district court must review the evidence before the ALJ, "'considering both the evidence that supports, as well as the evidence that detracts from, the . . .decision,'" and should "uphold a decision so long as the

evidence supports it and the ALJ explains h[is] analysis of that evidence with 'enough detail and clarity to permit meaningful appellate review.'" *Eichstadt v. Astrue*, 2008 WL 2764636, at *1 (7th Cir. 2008)(quoting in part *Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005)). The district court's sole role is to determine "'whether the final decision of the [Commissioner] is both supported by substantial evidence and based on the proper legal criteria.'" *Id.* ; *see also Rudicel v. Astrue*, 2008 WL 2463861, at *4 (7th Cir. 2008)(stating that "'[e]vidence is substantial if it is sufficient for a reasonable person to accept as adequate to support the decision'")(quoting *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003)); *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)(stating that the court cannot "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations" and that "even if 'reasonable minds could differ concerning whether [the plaintiff] is disabled,'" the court "must nevertheless affirm the ALJ's decision denying her claims if the decision is adequately supported")(quoting in part *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007)).

## DISCUSSION

Clement argues that the ALJ: (1) erred in finding that Clement did not meet or equal a listed impairment, (2) erred in his residual functional capacity ("RFC")

3

finding, (3) erred in finding that Clement could perform other work, and (4) erred in failing to seek the assistance of a vocational expert ("VE"). Clement also contends that there is new evidence that warrants a remand to the ALJ.

I. Listed Impairments

Clement argues that the ALJ erred in finding that Clement did not meet or equal a listed impairment. At the third step of the disability evaluation process, "evidence demonstrating the claimant's impairments is compared to a list of impairments presumed severe enough to preclude any gainful work." *Rice v. Barnhart*, 384 F.3d 363, 365 (7th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)(iii). A claimant's impairment is deemed to meet a listing only if the impairment meets "all of the criteria for a listed impairment" or the claimant "'present[s] medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" *Sims v. Barnhart*, 309 F.3d 424, 428 (7th Cir. 2002)(quoting in part *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990))(emphasis in original).

Clement argues that the ALJ failed to address all of the evidence of her impairments and properly assess whether she met the listings for: (1) musculoskeletal impairments, (2) diabetes mellitus, and (3) peripheral neuropathies. Clement also contends that the ALJ failed to consider whether obesity could qualify Clement for a

4

listing and the ALJ failed to consider the cumulative effect of all of her impairments.

The listings for musculoskeletal impairments require a showing that the claimant has an "extreme limitation on the ability to walk." 20 C.F.R. Pt. 404, Subpt. P, App.1 §1.00(B)(2)(b)(1); *see also Sienkiewicz v. Barnhart*, 409 F.3d 798, 802 (7th Cir. 2005)(indicating that "obesity may increase the severity of [the claimant's] musculoskeletal and pulmonary disorders"). The listing for diabetes mellitus requires that a claimant has diabetes and another impairment such as "neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §9.08. There is also a listing for peripheral neuropathies under which a claimant is deemed disabled due to peripheral neuropathies when there is "disorganization of motor function as described in 11.04B, in spite of prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P, App 1 §11.14. The listing in Section 11.04(B) requires that there be a "'significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements. . . .'" 20 C.F.R. Pt. 404, Subpt. P, App 1 §11.04B.

Clement indicated that since the onset of her impairments, she has been unable to fix meals, stand for extended periods of time, drive, or walk for an

extended duration. (AR 89-91). Clement indicated that her impairments cause her pain and that she is in such pain from her impairments that she has lost interest in social activities. (AR 92). The record indicates that Clement has been prescribed medicine for her pain in the past, but indicated that it only provided her with about an hour of relief from pain. (AR 103). In 1994, Clement was diagnosed by Ronald D. Brown, M.D., P.C., ("Dr. Brown") with having diabetes mellitus. (AR 119-21). Dr. Brown also diagnosed Clement with hypertension and obesity. (AR 121). The record indicates that in September 2003, Clement reported to Ray Breitenbach, M.D., ("Dr. Breitenbach") that her pain was getting worse in her legs. (AR 139). Dr. Breitenbach examined Clement and his diagnosis included a finding that Clement suffered from peripheral neuropathy and uncontrolled diabetes. (AR 130-41). Clement was then prescribed vicodin to address her increasing pain. (AR 132). In November 2003, Dr. Breitenbach again examined Clement and concluded that her condition was worsening and vicodin was not controlling her pain. (AR 139). Breitenbach also noted that Clement reported numbness and tingling in her legs. (AR 134, 138).

At the First Hearing, John Cavanaugh, M.D. ("Dr. Cavanaugh") testified as a medical expert. (AR 236). Cavanaugh confirmed that the medical evidence supported a diagnosis of long-standing diabetes mellitus with peripheral neuropathy.

(AR 238). Cavanaugh also acknowledged that peripheral neuropathy can cause numbness and tingling and can be painful, cause muscle weakness, and may be difficult to control with pain medications. (AR 243). At the Second Hearing, Ashok Jilhewar, M.D. ("Dr. Jilhewar") testified as a medical expert. (AR 274). Jilhewar ultimately concluded that he did not believe that Clement's impairments met any listing. (AR 278). However, Dr. Jilhewar also indicated that he did not disagree with the conclusions of Clement's treating physicians. (AR 276).

     The above is only a portion of the medical evidence in the record that was relevant to the listing determination. The ALJ, however, did not address even the key points of medical evidence. The ALJ did not specify why Clement's impairments failed to meet the listings for musculoskeletal impairments, diabetes mellitus, or peripheral neuropathies. Nor did the ALJ explain why Clement's obesity would not warrant a conclusion that she met the requirements for a listing. The ALJ also failed to address whether the cumulative effects of her impairments were sufficient to meet a listing. The ALJ stated that he believed that the medical opinions in the case were "implicitly or explicitly . . . in accord." (AR 14). However, the ALJ failed to address evidence such as the evidence from Clement's treating physicians. (AR 132-41). The ALJ's analysis as to the listings consists of one conclusory statement that "the medical evidence of record does not demonstrate either painful or

7

motor neuropathy that could result in the nature, let alone the degree, of dysfunction alleged (20 CFR 404.1508 and 416.1529(b))." (AR 14). While an ALJ is not required to "address every piece of evidence in his decision," *Sims*, 309 F.3d at 429, an ALJ in rendering his decision must "'build an accurate and logical bridge from the evidence to the conclusion.'" *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008)(quoting *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000)). The ALJ cannot satisfy his obligation with a conclusory statement, but must base the "denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger*, 516 F.3d at 544. In the instant action, there were a myriad of issues regarding Clement's impairments and the listings and the ALJ's conclusory statement that "the medical evidence does not demonstrate" that she met any listing was not sufficient. We note that Defendant has provided an extensive explanation of why Defendant believes that the record supports the ALJ's determination. However, such an analysis is absent from the ALJ's decision. We also note that Clement urges the Court to reverse the ALJ's finding and conclude that she is disabled. While the ALJ failed to adequately explain his conclusion, the record is not such that we can declare Clement disabled at this juncture. Therefore, we remand this action to provide the ALJ with an opportunity to address the listings issues with the medical experts, to review the evidence, and request additional

investigations if necessary.

II. Residual Functional Capacity

Clement also argues that the ALJ erred in his RFC determination. The ALJ concluded that Clement could perform a full range of sedentary work. (AR 14). The ALJ began by generally making a reference to Clement's symptoms and then expounding that "[t]his is an extreme degree of dysfunction for someone as young as she is." (AR 14). However, the ALJ does not indicate any portion of the record that he relied on for such a belief. An ALJ, in making a decision, "must be careful not to succumb to the temptation to play doctor." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)(stating that "[c]ommon sense can mislead; lay intuitions about medical phenomena are often wrong"). The ALJ thus improperly began his RFC analysis by concluding that Clement appeared to be suffering an excessive amount of dysfunction from her condition for her age. The ALJ also stated several other conclusions, such as that "[i]t is unusual for people to experience crippling effects of adult onset/insulin requiring, diabetes mellitus." (AR 14). However, the ALJ provided the conclusions as the ALJ's own opinions, failing to show how such opinions are supported or contradicted by the medical evidence in the record. (AR 14). The ALJ also dismissed out of hand the evidence concerning Clement's pain

medications and complaints of pain, stating that the evidence was "without adequate explanation." (AR 15). However the ALJ failed to offer a detailed explanation regarding such a conclusion. *Berger*, 516 F.3d at 544. The ALJ, in forming his RFC finding, failed to address all of Clement's alleged physical impairments and failed to consider the cumulative effect of such impairments. The ALJ also depicted sensory neuropathy as merely being an "annoying condition," (AR 15), but the ALJ failed to address the portions of the record that indicate that the condition can be a seriously debilitating condition. (AR 243). The ALJ also stated in a conclusory fashion that "[t]here is no contrary medical opinion of record." (AR 15). However, the ALJ failed to address the conflicting evidence such as evidence of Clement's treating physicians that appear to contradict the ALJ's conclusion that Clement is capable of performing a full range of sedentary work. Therefore, on remand, the ALJ must also re-examine its RFC finding and properly support his ultimate RFC decision.

III. Performance of Other Work

Clement argues that the ALJ erred in concluding that she is able to perform other work. The ALJ concluded in a cursory fashion that Clement could make a successful adjustment to other work. (AR 16). However, the conclusion was based in part on the ALJ's RFC finding, which as indicated above, was not sufficiently

supported. (AR 16). In addition, although the ALJ stated that he considered Clement's "age, education, and work experience," (AR 16), the ALJ failed to specifically address Clement's age, education, or work experience or explain how they supported the ALJ's conclusion that Clement could perform other work. Nor did the ALJ explain how the medical evidence in the record supported the ALJ's conclusion. Therefore, on remand, the ALJ is directed to properly address the issue concerning the performance of other work.

IV. Assistance of the VE

Clement argues that the ALJ failed to seek the assistance of the VE, who was present at the First Hearing and Second Hearing. As indicated above, the ALJ's decision is not adequately supported. The ALJ also includes various statements that appear to represent the ALJ's own opinion as opposed to statements based on the record and the medical experts that were available to assist the ALJ. Although we will not require the ALJ to seek the testimony of the VE on remand, the ALJ should re-evaluate whether the assistance of the VE would provide the ALJ with needed information. If necessary, the ALJ should enlist the aid of the VE to form a complete and reasoned decision.

V. New Evidence

Clement contends that she has new evidence concerning her impairments. Pursuant to 42 U.S.C. § 405(g), a court can order a remand to "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.* Clement seeks to introduce records documenting her treatment on July 31, 2007, August 28, 2007, and August 31, 2007. Defendant argues that Clement has not shown that the evidence is material or provided a sufficient justification for not presenting the evidence at an earlier juncture. Since we have already concluded that the instant action will be remanded to the ALJ, we need not determine at this juncture, whether the evidence at issue should be considered as new evidence. On remand, the ALJ can assess whether the evidence is material and whether Clement has provided a sufficient explanation for not presenting the evidence sooner. We also note that, to the extent that such evidence shows that Clement's condition has deteriorated since the onset of her alleged disability, Defendant correctly points out that, if Clement is unsuccessful in her current claim for benefits, Clement can initiate a new claim for benefits and include such evidence in that new claim. Therefore, based on the above, we remand the instant action. On remand, the ALJ should

address the material evidence, including evidence from Clement's treating physicians and evidence concerning Clement's pain, and the effects of that pain on her performance of activities.

## CONCLUSION

Based on the foregoing analysis, we grant Clement's motion for summary judgment in part and remand the instant action for further proceedings before the ALJ, consistent with the above opinion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 30, 2008